ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ALVIN HERMINA VENES<br><br>Parte Recurrente<br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2025RA00199 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Caso Núm.:<br>CPSH 37-25<br><br>Sobre:<br><br>Cambio Técnico Sociopenal |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Compareció ante este Tribunal la parte recurrente, el Sr. Alvin Hermina Venes (en adelante, "el señor Hermina Venes" o el "Recurrente"), quien se encuentra confinado en la Institución Correccional Sabana Hoyos 728, mediante recurso de revisión judicial presentado el 21 de agosto de 2025 y una solicitud para que se le exima del pago del arancel correspondiente por razón de indigencia. A través de escrito, el Recurrente solicitó la revocación de la *Determinación* emitida y notificada por el Departamento de Corrección y Rehabilitación (en adelante, "DCR") el 4 de junio de 2025. Dicha determinación fue objeto de una "**Solicitud de Reconsideración**" presentada por el señor Hermina Venes el 16 de junio de 2025 que fue denegada por el DCR.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal,[1] y por los fundamentos que expondremos a continuación, se declara "Ha

---

[1] *Véase*, Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025)..

Lugar" la solicitud para litigar en forma *pauperis* y se *confirma* la *Determinación* del DCR.

**I.**

El caso de autos se originó el 27 de mayo de 2025, cuando el Recurrente presentó un "**Solicitud de Remedios Administrativos**" ante el DCR. Mediante la misma, peticionó un cambio de técnico sociopenal, ya que no le gustaba el trato que esta último tenía con el Recurrente. Ese mismo día, el DCR notificó dicha solicitud a la supervisora de la unidad sociopenal de la Institución Correccional Sabana Hoyos 728, la Sra. Amarilys Díaz (en adelante, la "señora Díaz"). El 3 de junio de 2025, la señora Díaz informó que el señor Hermina Venes es entrevistado periódicamente y su caso está siendo trabajado conforme a los Reglamentos aplicables. El 4 de junio de 2025, el DCR le remitió una *Respuesta* al Recurrente mediante la cual le denegó su petición.

Así las cosas, el 16 de junio de 2025, el Recurrente presentó una "**Solicitud de Reconsideración**". A través de dicho escrito, alegó que su técnica sociopenal, la Sra. María J. González Colón (en adelante, la "señora González Colón"), no le ha brindado un servicio adecuado, toda vez que ha retrasado la actualización de su expediente social y lo trata con hostilidad. Además, expresó que entendía que ella mantenía una actitud adversa hacia él a raíz del delito por el cual se encuentra cumpliendo condena. En vista de lo anterior, solicitó nuevamente cambio de técnico sociopenal. Finalmente, el 12 de agosto de 2015 y notificada el 13 del mismo mes y año, el DCR emitió una *Resolución* en la que denegó nuevamente el referido cambio.

Inconforme con lo anteriormente resuelto, el Recurrente acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló que el TPI erró al denegarle el cambio de técnico sociopenal, a pesar de que no se le han brindado los servicios correspondientes.

**II.**

Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos están llamados a abstenerse de intervenir en las decisiones administrativas, ya que éstas poseen una presunción de

legalidad y corrección. ECP Incorporated v. OCS, 205 DPR 268, 281 (2020); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Cónsono con ello, se ha resuelto que las decisiones de las agencias administrativas gozan de la mayor deferencia por los tribunales. Oficina de Ética Gubernamental v. Martínez Giraud, 210 DPR 79, 88-89 (2022). Ello debido a que dichos entes gubernamentales son los que poseen el conocimiento especializado y experiencia en los asuntos que les son encomendados. Super Asphalt v. AFI, 206 DPR 803, 819 (2021).

Sin embargo, recientemente, nuestro Tribunal Supremo cambió esta norma de deferencia hacia las decisiones administrativas, al adoptar la opinión del Tribunal Supremo de los Estados Unidos en el caso de Loper Bright Enterprises v. Raimondo, 603 US 369 (2024). En específico, determinó que la interpretación de las leyes es una tarea que le corresponde a los tribunales y dispuso que estos, en el ejercicio de su función revisora, deberán actuar con el rigor que prescribe la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico de 2017 y no ser guiados por la deferencia automática. Vázquez v. Consejo de Titulares, 2025 TSPR 56, 215 DPR ___.

La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017 (3 LPRA sec. 9675) (en adelante, "la LPAU") dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo". Así pues, la intervención judicial en estos casos ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba y (3) si las conclusiones de derecho del organismo administrativo son correctas. P.R.T.C. Co. v. J. Reg. Tel. de P.R., 151 DPR 269, 281 (2000). Podemos decir que la deferencia reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: cuando no está basada en evidencia sustancial, cuando el organismo administrativo ha errado en la

aplicación de la ley y cuando ha mediado una actuación irrazonable o ilegal. T-JAC, Inc. v. Caguas Centrum Limited, 148 DPR 70, 80 (1999).

Según lo ha definido el Tribunal Supremo en diversas ocasiones, evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". Hilton Hotels v. Junta Salario Mínimo, 74 DPR 670, 687 (1953). Por ello, quien impugne las determinaciones de hechos de una agencia administrativa tiene el deber de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). Además, debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. Rebollo v. Yiyi Motors, 161 DPR 69, 76-77 (2002).

Las conclusiones de derecho, tal y como surge de la Sección 4.5 de la LPAU, *supra*, deben ser revisadas en todos sus aspectos. 3 LPRA sec. 9675. Sin embargo, esto no significa que, al ejercer su función revisora, podamos descartar liberalmente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. "Al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". Adorno Quiles v. Hernández, 126 DPR 191, 195 (1990).

No obstante, la deferencia judicial en la revisión de determinaciones administrativas no conlleva la renuncia de este Tribunal a su función revisora. La deferencia reconocida no equivale a la dimisión de la función revisora de este foro apelativo intermedio en instancias adecuadas y meritorias, como resulta ser cuando la agencia ha errado en la aplicación de la ley. Reyes Salcedo v. Policía de P.R., 143 DPR 85, 94 (1987).

**III.**

En el presente caso, el señor Hermina Venes nos solicitó la revocación de la *Determinación* del DCR mediante la cual se le denegó el cambio de técnico sociopenal.

En síntesis, el Recurrente alega que su técnica sociopenal no ha actualizado su expediente social omitiendo la inclusión de ciertos documentos concernientes al amigo consejero y la carta de empleo. Asimismo, alega que esta mantiene una conducta arrogante y carente de ética profesional. Adujo que el trato y servicio recibido resultan insatisfactorios. Manifestó, además, que la señora González Colón nunca ha abierto el referido expediente en su presencia y que desconocía que él se encontraba recibiendo terapias sobre alcohol y drogas.

Tras analizar exhaustivamente el legajo apelativo ante nuestra consideración, hemos arribado a la conclusión de que el DCR actuó correctamente al denegar la solicitud de cambio de técnico sociopenal presentada por el señor Hermina Venes. Ello pues, el Recurrente no logró desvirtuar la presunción de corrección que ampara las determinaciones del foro administrativo. Tampoco demostró la existencia de prueba que menoscabara el valor probatorio de la evidencia considerada por el DCR. Todo lo contrario, el expediente refleja claramente que la señora González Colón entrevista periódicamente al señor Hermina Venes y su caso ha sido trabajado conforme a los Reglamentos correspondientes. De hecho, surge del legajo apelativo ante nuestra consideración que la señora González Colón ha implementado en todas sus áreas el plan institucional del Recurrente, con el objetivo de que éste tenga un proceso de reintegración social acorde con nuestras leyes y la Constitución de Puerto Rico.

Ante tal escenario, el cambio solicitado no es procedente, pues la *Determinación* administrativa se sustentó en un análisis razonable del expediente social del Recurrente. El hecho de que el Recurrente no comparta afinidad con la personalidad de su técnica sociopenal carece de relevancia jurídica. Resolver en sentido contrario, equivaldría a olvidar la deferencia que merecen las decisiones de los foros administrativos, quienes

son los que poseen la especialidad sobre las controversias que llegan ante sí y de los asuntos que atienden diariamente.

Así pues, luego de un análisis detenido del caso de epígrafe, concluimos expresamente que el Recurrente no aportó evidencia suficiente para derrotar la presunción de corrección de la cual están investidas las decisiones del foro administrativo. En el ejercicio de nuestra función revisora, concluimos que procede darle deferencia a la especialización, experiencia y las cuestiones propias de la discreción o pericia de la agencia administrativa. Tal y como hemos adelantado, somos de la opinión de que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, *confirmamos* la *Determinación* del DCR.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones